UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| OMAR KYLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:08-CV-30 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| ) | |
| CAPTAIN TIM CARVER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

Before the Court is a motion for summary judgment filed by Defendant Captain Tim Carver. Plaintiff Omar Kyle did not file a response. For the reasons discussed, the Court will **GRANT** the motion (Court File No. 26) and will **DISMISS** the case.

**I.    RELEVANT FACTS**

Omar Kyle ("Kyle") was, at all relevant times, a prisoner in McMinn County, Tennessee. According to his complaint, on September 7, 2007, while he was being transported in a prison vehicle, the driver made a sharp stop, causing Kyle to hit his chest on the seat in front of him. As a result, Kyle suffered massive pain and, after a couple of days, he asked to see the nurse because he could not sleep (Court File No. 1). The officer who responded to the call told Kyle the nurse would not be in until the morning and he should fill out a nurse request form, which Kyle did that morning (Court File No. 1). Kyle's complaint does not indicate whether any medical care resulted from that request. After three or four more days, Kyle was still in pain and refused to eat until he had seen a nurse (Court File No. 1). The nurse examined him and prescribed pain pills for four or

five days (Court File No. 1). Kyle claims he filled out another request form after he stopped receiving pills and heard nothing (Court File No. 1), this request is not in the record. He wrote to Captain Tim Carver twice and did not receive a response (Court File No. 1). In the record, the only communication to Captain Tim Carver prior to Kyle filing the complaint is Kyle's request for a visit with the notary public, which Kyle attached to his complaint (Court File No. 1, ex. 1). According to Kyle, he was taking Tylenol for his pain since the prison would not treat him, but an officer took his Tylenol during a cell shakedown on December 20, 2007 (Court File No. 1, ex. 1).

Kyle also appears to claim there is a custom or practice of denying non-white males medical treatment at McMinn County Justice Center. He alleges two white male friends received medical treatment while he has not (Court File No. 1, ex. 1).

His medical records show he requested medical care for pain from a bug bite on September 14, 2007, and he received prescription Keflex for that claim (Court File No. 28, ex. 1). On September 21, 2007, he was treated for pain and soreness on his chest resulting from the transportation injury and was prescribed Naproxen (Court File No. 28, ex 1).

On January 31, 2008, subsequent to filing the complaint in this case, Kyle filled out an internal communication form to Captain Tim Carver, stating he never received medical treatment for the September 2007 incident and requesting x-rays (Court File No. 28, ex. 1). The response explained Kyle had seen a nurse on September 21, 2007, for the alleged injury and instructed Kyle to follow routine sick call procedure if he had further questions (Court File No. 28, ex. 1). On February 1, 2008, Kyle was prescribed Relafen, an anti-inflammatory, for the pain on his chest relating to the September 2007 injury (Court File No. 28, ex 1).

Kyle identified the McMinn County Justice Center as the defendant in his case, but since the

2

Case 1:08-cv-00030-CLC-SKL   Document 29   Filed 03/12/09   Page 2 of 6   PageID #: 347

McMinn County Justice Center is a building and not an entity, the Court substituted Captain Tim Carver as the proper defendant (Court File No. 5). Kyle sent a letter to the Court, which was construed as an attempt to amend the complaint (Court File No. 11). The Court ordered Kyle to file an amended complaint within 30 days of the entry of the order (Court File No. 12). However, Kyle did not file an amended complaint.[1]

## II. STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). First, the moving party must demonstrate no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court views the evidence, including all reasonable inferences, in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). However, the non-movant is not entitled to a trial based solely on its allegations, but must submit significant probative evidence to support its claims. *Celotex*, 477 U.S. at 324; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The moving party is entitled to summary judgment if the non-movant fails to make a sufficient showing on an essential element for which it bears the burden of proof. *Celotex*,

---

[1] The Court notes Kyle's additional claims would not stave off summary judgment, since the allegations do not support a claim under the Eighth Amendment. Kyle complains of poor ventilation, bug infestation, odor, and generally objects to the inmate rules. These deprivations are not sufficiently serious they deny him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

477 U.S. at 323. In short, if the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court may enter summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

**III. DISCUSSION**

To state a claim under 42 U.S.C. § 1983, the plaintiff must set forth "facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Government officials are entitled to qualified immunity where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Phillips v. Roane County*, 534 F.3d 531, 538 (6th Cir. 2008) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Analyzing qualified immunity is a two-part inquiry. *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)); *Pearson v. Callahan*, 129 S. Ct. 808 (2009) (holding the two-part framework is no longer mandatory). Generally the court must first determine whether the plaintiff has shown a constitutional violation occurred. *Phillips*, 534 F.3d at 538. Then the court assesses whether the right was clearly established at the time of the violation. *Id.*

Failure to provide medical treatment is a constitutional violation of the Eighth Amendment when the defendant acts with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference has both a subjective and an objective component.

4

*Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). "To satisfy the objective component, the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Comstock v. McCrary*, 273 F.3d 693, 703-04 (6th Cir. 2001) (quoting *Farmer*, 511 U.S. at 834). "To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.* (quoting *Farmer*, 511 U.S. at 837).

A prisoner can prove his need for medical care is sufficiently serious by showing the need was "obvious even to a lay person," *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004), or by placing "verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001). Here, Kyle's need for medical care was not obvious and did not require immediate attention. Kyle waited several weeks before asking to see the nurse and was treated at his request. The record discloses no extended delay between Kyle's request and the administration of medical treatment. Therefore, Kyle fails to meet the objective component of deliberate indifference.

Furthermore, the only evidence Captain Tim Carver was subjectively aware of Kyle's medical condition occurred after Kyle filed the complaint and, thus, is irrelevant to the determination of whether his Eighth Amendment rights were violated during the period at issue. There is nothing in the record that suggest Captain Tim Carver was aware of Kyle's injury or that he delayed or denied medical treatment, knowing that doing so would unnecessarily inflict pain.

Since there is no dispute as to any material fact regarding whether Kyle received adequate medical treatment, summary judgment on his Eighth Amendment claim is warranted. In addition, to the extent Kyle alleges disparate treatment between white and non-white males, since Kyle

5

received reasonably prompt medical treatment for his complaints, a jury could not infer discrimination based on the record.

IV.     **CONCLUSION**

For the reasons discussed, summary judgment will be **GRANTED** and the case will be **DISMISSED**. Accordingly, Defendant's motion to amend the answer will be **DISMISSED** as moot.

An Order shall enter.

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**